

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

IN RE                                )
                                     )
WAMEETH FADHLI and CHRISTINA         )   CASE NO. 08-36892-H3-7
CARVELLI,                            )
                                     )
        Debtors                      )

### MEMORANDUM OPINION

Came on for trial "Bernie Scott's Objection To Exemptions" (Docket No. 20) and after considering the Opposition (Docket No. 26) filed by Wameeth Fadhli and Christina Carvelli, Debtors, the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith overruling the Objection and allowing the Debtors' claimed exemption of their homestead. To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Debtors filed a voluntary Chapter 7 petition on October 31, 2008. Docket No. 1. They elected the federal exemptions and claimed their homestead, the real property located at 814 Prairie Brook Court, Houston, Texas, as exempt. The Schedules reflect the current value of the property as of the date of filing to be $175,000, encumbered by a secured claim of $169,649.76, and a

claimed exemption amount of $5,350.24.  Docket No. 14, Schedules A, C, and D.  11 U.S.C. §§ 522(b)(1), 522(b)(2) and 522(d)(1).

Bernie Scott (Scott) filed the instant objection to Debtors' claim of exemption of the real property.  The statutory basis for the objection to claim was not referenced but Scott objected to the "exemption because such real property was acquired by debtors within the 1215 day period preceding the filing of debtor's petition for relief."  Docket No. 20, page 1, paragraph 3.  Scott also objected to the exemption, "in the alternative, ... to the extent that it exceeds the value of the debtors' prior homestead, if any."  Docket No. 20, page 1, paragraph 4.

Based upon the language of the objection, it appears that the objection is based upon section 522(p) of the Bankruptcy Code.  Section 522(p) imposes a monetary limit of $136,875[1] on the amount of the debtor's interest in homestead property that may be exempted under State or local law, pursuant to subsection 522(b)(3)(A), to the extent that there has been an acquisition of a homestead interest within a period of 1215 days before the commencement of the case.

Section(p), limiting a debtor's homestead exemption under state law, was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, effective in cases commenced on or after April 20, 2005, the date of enactment. Congress appears to

---

[1] This dollar amount is effective for cases filed on or after April 1, 2007.  11 U.S.C. § 104(b).

have enacted this provision in response to actual and perceived abuse by some debtors of state exemption statutes that protect an unlimited amount of homestead property.  Limitations on state homestead exemption claims were also imposed in the event that a debtor converted non-exempt assets into homestead property with fraudulent intent.

Once an exemption has been claimed, it is the objecting party's burden (Scott) to prove that the exemption is not properly claimed.  Fed. R. Bankr. P. 4003(c).  Initially, this means that the objecting party has the burden of production and the burden of persuasion.  The objecting party must produce evidence to rebut the presumptively valid exemption.

Debtors and Bernie Scott did not appear at the hearing but they were represented by their respective counsel.  No witnesses testified.  The court took judicial notice of Debtors' Schedules A, C, and D.  The court admitted Scott's Exhibits A-Special Warranty Deed, B-Debtors' Voluntary Petition, and C-Harris County Appraisal District Real Property Account Information.  Although the Special Warranty Deed reflects that the property was acquired within 1215 days of the filing of the Debtors' bankruptcy case, the Debtors' schedules reflect that the Debtors chose the exemptions provided for by federal law (and not state or local law).

The statutory language of section 522(p) provides that the limitations on a debtors' homestead exemption are only

applicable to debtors who have elected the exemptions available under State or local law.  This provision does not impose limitations on property claimed exempt under section 522(b)(2) by asserting the federal homestead exemption under section 522(d)(1). The Debtors have elected the exemptions available under federal bankruptcy law pursuant to 11 U.S.C. §§ 522(b)(2) and 522(d)(1). Thus, section 522(p) is not applicable to the instant fact situation and Scott's Objection to Exemption is overruled.[2]

In addition, the court finds that even if this provision were applicable to the instant case, Scott failed to sustain his burden of proof.  Section 522(p) imposes a monetary limit of $136,875 on the amount of the debtor's interest in homestead property that may be exempted.  Scott's Exhibit C, Harris County Appraisal District Real Property Account Information, reflects that the value of the property for the years 2008 and 2009 was $175,000 and $182,040 respectively.  Section 522(d)(1) provides for an exemption of the debtor's aggregate interest, not to exceed $20,200[3] in value, in real property that the debtor or a dependent of the debtor uses as a residence.  Section 522(a)(2) defines value as fair market value as of the date of the filing of the petition. The dollar amount is applied only to the value of the debtor's

---

[2] Sections 522(o) and 522(q) are also not applicable due to the fact that Debtors elected to take the federal exemptions pursuant to 11 U.S.C. §§ 522(b)(2) and 522(d)(1).

[3] This dollar amount is effective for cases filed on or after April 1, 2007.  11 U.S.C. § 104(b).

interest in the property, which is the debtor's equity in the property.

The petition was filed on October 31, 2008 and the property was appraised by the Harris County Appraisal District in the amount of $175,000 for 2008. Debtors' schedules reflect that the property was encumbered by a mortgage in the amount of $169,649.76. Thus, Debtors' equity in the property as of the petition date was $5,350.24. Even if the 2009 value of the property were used to calculate the debtor's interest in the property, it would only amount to $12,390.24, well below the statutory limit of $136,875. At the hearing, counsel for Scott objected to the amount listed on Debtors' schedules for the secured claim encumbering the property as being proof of the amount owed by Debtors. The voluntary petition and schedules were signed by Debtors, under penalty of perjury, whereby they declared that the information provided in the petition and schedules were true and correct. Exemptions are presumptively valid and the objecting party has the burden of proving that the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c). No evidence was offered by Scott to contradict the amount listed on Debtors' schedules representing the secured debt owed on the property.

Based upon the above Findings of Fact and Conclusions of Law this court allows the Debtors' claimed exemption of real property located at 814 Prairie Brook Court, Houston, Texas. The Objection to Exemption filed by Bernie Scott is overruled and a

separate Judgment will be entered in conjunction herewith.

SIGNED at Houston, Texas this 10th day of August, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE